1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES GARRETT,

11              Plaintiff,                    No. CIV S. 07-CV-2614 FCD KJM

12         vs.

13    HIGH DESERT STATE PRISON,
      et al.,
14                                                                                      Doc. 3
(PC) Noble v. High Desert State Prison              Defendants.          ORDER
15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26    preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

18   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

20   Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007).  A complaint must

21   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

22   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

23   id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

24   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

25   v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the

26   court must accept as true the allegations of the complaint in question, Erickson, id., and construe

1  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

2  (1974).

3          Plaintiff purports to bring this action on behalf of the Muslim community at High

4  Desert State Prison.  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well

5  established that a layperson cannot ordinarily represent the interests of a class.  See McShane v.

6  United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here,

7  the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams,

8  509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately

9  protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil

10  Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore,

11  will not be construed as a class action and instead will be construed as an individual civil suit

12  brought by plaintiff.   Plaintiff Garrett will proceed in this case and the Clerk of the Court will

13  open separate civil actions for those who signed the "class action appeal" sheet attached to the

14  complaint legibly with their full names.  These inmates will be given an opportunity to file

15  applications to proceed in forma pauperis and amended complaints in accordance with the

16  directions in this order.

17          Plaintiff alleges that because prison authorities refuse to hire a Muslim chaplain,

18  the Muslims have been denied access to the chapel, access which is granted to other religious

19  groups.  As a result, they are forced to pray on the wet and dirty kitchen floor.   He names as

20  defendants Chaplain McCue, the supervising chaplain and Chaplain Polycarp, the sponsor of the

21  Muslim community, yet he does not describe what their roles or authority are, if any, in hiring

22  the Muslim chaplain.   The court will, however, grant leave to file an amended complaint.

23          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

24  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

25  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

26  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

3

1   there is some affirmative link or connection between a defendant's actions and the claimed

2   deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

3   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

4   allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of</u>

5   <u>Regents,</u> 673 F.2d 266, 268 (9th Cir. 1982).

6           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

7   order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

8   amended complaint be complete in itself without reference to any prior pleading. This is

9   because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux</u>

10   <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

11   pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

12   original complaint, each claim and the involvement of each defendant must be sufficiently

13   alleged.

14           In accordance with the above, IT IS HEREBY ORDERED that:

15           1. Plaintiff's request for leave to proceed in forma pauperis is granted.

16           2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17   The fee shall be collected and paid in accordance with this court's order to the Director of the

18   California Department of Corrections and Rehabilitation filed concurrently herewith.

19           3. Plaintiff's complaint is dismissed.

20           4. Plaintiff is granted thirty days from the date of service of this order to file an

21   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

22   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

23   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

24   an original and two copies of the amended complaint; failure to file an amended complaint in

25   accordance with this order will result in a recommendation that this action be dismissed.

26   /////

1    5. The Clerk of the Court is directed to:

2        A. Open separate civil actions for plaintiffs Thomas Woodson, P-76095;

3 S.J. Noble, D-74884; Jemeans Farr, P-50115; Greg De Paz, T-81786; Arinza Smith, V-52835;

4 William Vasser, F-27903; Thomas Cash, H-11405; Douglas Duncantell, C-52514; Raymond

5 Ward, J-69818 and Jamon McClellan, T-65408.

6        B. Assign these new actions to the district judge and magistrate judge to

7 whom the instant case is assigned and make appropriate adjustment in the assignment of civil

8 cases to compensate for such assignment;

9        C. File and docket a copy of this order in the file opened for the plaintiffs

10 identified in subsection A, above; and

11        D. Send each of these plaintiffs a copy of the complaint filed in the

12 instant case but bearing the case number assigned to each individual action, a copy of this order,

13 a form for filing a civil rights action by a prisoner and an application to proceed in forma

14 pauperis.

15        6. Each of the plaintiffs identified in section 5A are granted thirty days to file an

16 amended complaint and a request to proceed in forma pauperis, bearing the case number

17 assigned to his own case. Failure to comply with this order will result in a recommendation that

18 the action be dismissed.

19 DATED: December 5, 2007.

20 _____
   U.S. MAGISTRATE JUDGE

21

22

23 2
   garr1672.14
24

25

26